Chief Justice Robertson
delivered the Opinion of the Court.
On the 4th of November, 1835, Herndon sold, and covenanted to convey, to Venable, a tract of land, on the 1st of February, 1836, for twelve hundred dollars, “in hand paid;” but the covenant, nevertheless, reserved a lien on the land “until the last payment” should be made.
In October, 1837, Venable brought an action of covenant against Herndon, for failing to make a conveyance of the legal title on the day fixed by t]re written contract.
To that action Herndon pleaded, that, by the parol agreement between the parties, the conveyance was not to be made until the entire consideration had been paid; that five hundred dollars of the price still remained unpaid; and that the stipulation in the covenant, to make- the title on the 1st of February, 1836, was inserted through mistake.
The Circuit Judge sustained a demurrer to the plea; and, on a writ of inquiry, refused to permit Herndon to set off, against interest, rents for occupancy by Venable, and instructed the jury that the recited consideration, *372 (twelve hundred dollars,) with six per cent, interest thereon from the date of the covenant, was the legal criterion of assessment.
The damages at law, for a failure to convey land, cannot be reduced by showing that the pltf. has had the use of the land. But in equity, the rent and interest may be set off against each other.
The measure of damages for a failure to convey, is the consideration with interest — not in all cases from the date of the covenant, but — from the time when the money was payable without interest, or begun to bear interest; If if the covenant does not show that, it may he shown by proof aliunde.
Verdict and judgment were accordingly rendered for thirteen hundred and forty four dollars, in damages.
In revising that judgment, three questions are presented: first — is the plea good? secondly — should rents have been set off against interest? and, thirdly — was the instruction to the jury right?
First. The legal effect of the covenant is, as before suggested, that the title was to be conveyed on the 1st of February, 1836, independently of the payment of the consideration. And though there may have been a mutual mistake in that respect, in executing the covenant, yet we are satisfied that such a mistake could not be made available by plea to the action; because, if it could be, no action could ever be maintained on the covenant, in any event, for a failure to convey the legal title; for, in every such action, the plaintiff would have to declare according to the legal effect of the covenant as written, and could not sustain an averment of an extraneous fact inconsistent with the covenant. And therefore, in such a case, the defendant’s qnly remedy is a suit in chancery, for correcting the mistake; in which suit, the rights of the parties might be adjusted without prejudice to either of them, and upon principles of reciprocity and equal justice.
We are, therefore, of the opinion that the Circuit Court did not err in sustaining the demurrer to the plea.
Second. In Combs vs. Tarleton’s Administrator, 2 Dana, 464, this Court decided that, in an action for a breach of covenant to convey land, the defendant could not diminish the damages by proving that the plaintiff had occupied the land — even though, in equity, the value of such use might be set off against the interest on the consideration, or the legal value of the use of the price paid for the land. And we are satisfied with that decision.
Third. When the value of the land, as fixed by the parties themselves, is the criterion of damages to the vendee, for a breach of covenant to convey the title, a jury, in assessing the damages, should, of course, ascer *373 tain when and how the consideration was payable.— Whenever time was given for paying it, or any part of it, without charging intermediate interest, the value of the land was, of course, so far less than the nominal amount of the consideration at the date of the contract. And, in assessing interest as a part of the damages, the jury should not go farther back than the time when the consideration was payable, or when interest began to accrue upon it. Triplett vs. Gill et al., 7 J. J. Marshall, 440.
In this case, though the covenant recites that the entire consideration had been paid, there can be no doubt that a portion of it, at least, was not paid at the date of the covenant, and was not payable until some future day. And that fact is shown by the last provision in the covenant itself. Prima facie, therefore, interest on the whole twelve hundred dollars was not chargeable from the date of the covenant. And as the covenant, taken altogether, did not show when the consideration was paid or payable, it was the duty of the plaintiff in the action to show that fact by proof aliunde; for, without some such proof, the jury had no right to decide-that the entire consideration, or even any part of it, had been paid at the date of the covenant, or at any other time; and had, consequently, no authority to assess interest from the date of the covenant.
Wherefore, we are of the opinion, that the Circuit Judge misinstructed the jury. And, for that error, the judgment must be reversed, and the cause remanded.